UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 1:23-401 CRC |
| : | |
| JOSEPH BIERBRODT, : | |
| : | |
| Defendant. : | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO CONTINUE**

The United States of America opposes Defendant Joseph Bierbrodt's motion to continue (ECF No. 46).

**I.    Introduction**

During a status conference held on June 20, 2024, the Court set this matter for trial on October 28, 2024.  Minute Order, June 20, 2024, and ECF No. 40.  At that time, all parties affirmed their availability to try that case on that date and expressed no reservations regarding the timing of the trial.  Accordingly, the United States has diligently prepared the case with an eye on an October 28, 2024, trial date.

Now, four months after the Court set the trial date and one month before it is to begin, the Defendant has had second thoughts.  The defendant has filed a motion to continue the trial date (ECF No. 46), in which he relies not on legal authority but rather on his reconsideration of the trial's timing.  Noting that the trial date is proximate to Election Day, the defendant speculates broadly that such timing would make it "impossible, or the very least nearly impossible, to receive a fair trial if the trial begins on [October 28, 2024]." *Id*. at p. 3.  To support that contention, the defendant relies on his acquaintances who have "shared their thoughts" with defense counsel about the events of January 6, 2021, which has given him insight into the "mood" of the residents of Washington, D.C.  *Id*. at p. 2.  Apparently, counsel

for the defendant has calibrated that "mood" to be one of "intense preparation to ensure that the former president never returns to power again," which, according to the motion, makes October 28, 2024, an "inopportune time to appear before District of Columbia jurors to answer the charges stemming from the events of January 6, 2021." *Id*.

Aside from absence of any legal authority, the defendant's motion is remarkable in at least two other respects. First, he is asking this Court to presume prejudice merely by glancing at the calendar without taking steps to detect whether any such prejudice actually exists. Second, the defendant is asking this Court to suppose that no measures are available to mitigate whatever prejudice might exist by jurors who are, in his words, "hyper-focused" on the election. *Id*. at p.3. Stated differently, the defendant is asking the Court to take the radical step of relying on anecdotal evidence to conclude that broad and incurable prejudice has infected the D.C. jury pool.

The United States asks the Court for something less radical. The Court should do in this case precisely what is done in every trial: conduct a careful voir dire that is designed to root out whatever bias an individual juror my harbor that could affect the trial. That time-tested method has protected the rights of countless defendants before Bierbrodt, and the defendant has proffered nothing in his motion that should give this Court concern that it would be ineffective here.

**II.     Argument**

Questions related to jury fairness are not new in the January 6 context. Countless January 6 defendants have moved to change the venue of their prosecutions, and those motions have been consistently grounded in the same general concerns raised by the defendant in his motion to continue, that is, the District of Columbia jury pool is presumptively prejudiced against January 6

defendants. In May of this year, the D.C. Circuit weighed in and held that a January 6 defendant had failed to show any presumptive prejudice based on the makeup of the District's jury pool. *United States v. Webster*, 102 F.4th 471, 479-480 (D.C. Cir. 2024). In that case, the defendant appealed the district court's denial of his motion to change venue, based on his argument that the "District's entire jury pool was presumptively prejudiced against him." *Id.* at 479. The *Webster* court observed that the "the essential question" in a presumptive prejudice claim would be: "Can the District's potential jurors 'lay aside [their] impression or opinion' of [the defendant] or events on January 6th and 'render a verdict based on the evidence presented in court'?" *Id.* at 480 (quoting *United States v. Nassif*, 628 F.Supp.3d 169, 187 (D.D.C. 2022)). The court continued, "the political inclinations of a populace writ large say nothing about an individual's ability to serve impartially in adjudicating the criminal conduct of an individual." *Id.* at 481. That same essential question applies here.

And, here, that question is properly addressed through voir dire. The Supreme Court observed in *Skilling v. United States*, 561 U.S. 358 (2010), that voir dire is "well suited to th[e] task" of probing the crime's "widespread community impact." *Id*. at 384. And the Court has said that "[i]t is fair to assume that the method we have relied on since the beginning"—voir dire— "usually identifies bias." *Patton v. Yount*, 467 U.S. 1025, 1038 (1984) (citing *United States v. Burr*, 25 F. Cas. 49, 51 (C.C.D. Va. 1807) (Marshall, C.J.)). Similarly, the D.C. Circuit has said that "voir dire has long been recognized as an effective method of routing out [publicity-based] bias, especially when conducted in a careful and thoroughgoing manner*." In re Nat'l Broadcasting Co.*, 653 F.2d 609, 617 (D.C. Cir. 1981); see also *United States v. Haldeman*, 559 F.2d 31, 63-64 (D.C. Cir. 1976) ("[I]f an impartial jury actually cannot be selected, that fact should become evident at

the voir dire.") (holding that the district court was correct to deny a motion to change venue by Watergate defendants before voir dire). The D.C. Circuit reiterated this point this year in *Webster*.

With all that in mind, the Court should summarily deny the motion to continue. The defendant's motion rests on nothing more than anecdotal evidence to support the notion that the "mood" of the D.C. electorate is incompatible with a fair trial in late October. To whatever extent the Court wishes to give weight to that idea – and it should give very little – a careful voir dire, rather than a trial continuance, is the appropriate way to address the concerns that the defendant believes exist.

DATED: September 30, 2024

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ Jack E. Burkhead
Jack E. Burkhead
NM Bar No. 10493
United States Attorney's Office
601 D Street NW
Washington, DC 20001
(202) 431-8493
jack.e.burkhead@usdoj.gov

/s/ Melanie Krebs-Pilotti
Melanie Krebs-Pilotti
Cal Bar. No. 241484
Trial Attorney- Antitrust Division
601 D St., NW
Washington, D.C. 20530
(202) 870-7457
melanie.krebs-pilotti2@usdoj.gov